**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**HOLDING A CRIMINAL TERM**

**GRAND JURY SWORN IN ON APRIL 30, 2026**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**SUNGIA IRVING,**<br><br>**Defendant.** | **CRIMINAL NO. 26-cr-**<br>**GRAND JURY ORIGINAL**<br><br>**VIOLATIONS:**<br><br>**18 U.S.C. § 1343 (Wire Fraud)**<br><br>**18 U.S.C. § 1344 (Bank Fraud)**<br><br>**18 U.S.C. § 1028A(a)(1) (Aggravated Identity Theft)**<br><br>**FORFEITURE ALLEGATION:**<br>**18 U.S.C. § 981, 21 U.S.C. § 853; 28 U.S.C. § 2461** |

# INDICTMENT

The Grand Jury charges that, at times material to this Indictment, on or about the dates listed below:

## BACKGROUND

1. **SUNGIA IRVING** was a resident of Maryland.

2. TD Bank, National Association ("TD Bank"), was a financial institution whose deposits were insured by the Federal Deposit Insurance Corporation. TD Bank provided banking services and operated branch locations ("stores") and Automated Teller Machines ("ATMs"). TD Bank's servers were located in Chicago, Illinois; Ashburn, Virginia; and Ontario, Canada. When a transaction was made at a TD bank store or ATM in the District of Columbia, signals were transmitted across state and international lines to those servers.

3. The United States Department of Veterans Affairs ("VA") was a government agency which served American veterans by, among other things, providing disability compensation to veterans with service-connected disabilities.

4. The VA provided disability compensation to VA beneficiaries by, among other means, mailing United States Treasury checks to a beneficiary's last known address via the United States Postal Service.

## COUNTS ONE THROUGH THREE
## (Wire Fraud)

5. Paragraphs 1 through 4 are re-alleged herein.

### THE SCHEME TO DEFRAUD

6. On or about between October 4, 2024 and November 20, 2024, in the District of Columbia and elsewhere, **IRVING**, with the intent to defraud, devised and intended to devise a scheme to defraud the government and a government beneficiary and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

### PURPOSE OF THE SCHEME

7. It was a purpose of the scheme that **IRVING** enrich herself by obtaining VA benefit funds, which were intended for a veteran beneficiary, for **IRVING's** own personal use and benefit.

### MANNER AND MEANS

It was part of the scheme that:

8. On or about October 4, 2024, the United States Treasury issued a check, which was payable to BENEFICIARY NO. 1 in the amount of $44,143 ("Treasury Check No. xxx3998") for VA disability compensation.

9. On or about between October 4, 2024 and November 9, 2024, **IRVING** obtained Treasury Check No. xxx3998.

10. On or about November 8, 2024, without authorization from BENEFICIARY NO. 1, **IRVING** opened a TD bank account ("TD Bank Account No. xxx6035"), which was assigned a debit card ("Debit Card No. xxx3777"), using BENEFICIARY NO. 1's name, address, and date of birth at a TD Bank store in Maryland. While opening TD Bank Account No. xxx6035, IRVING produced a state driver's license, which bore BENEFICIARY NO. 1's name, address, and forged signature, and **IRVING's** photograph.

11. On or about November 9, 2024, **IRVING** deposited Treasury Check No. xxx3998 into TD Bank Account No. xxx6035 at a TD Bank store located in Washington, D.C.

12. On or about November 12, 2024, Treasury Check No. xxx3998 posted to TD Bank Account No. xxx6035.

13. On or about between November 12, 2024 and November 20, 2024, Debit Card No. xxx3777 was used to make purchases totaling more than $5,000.

14. On or about between November 13, 2024 and November 19, 2024, **IRVING** withdrew more than $7,000 in cash from TD Bank stores and ATMs in the District of Columbia and Maryland.

15. On or about November 19, 2024, at a TD Bank store in Maryland, **IRVING** used funds from TD Bank Account No. xxx6035 to purchase an official check (also known as a "cashier's check") payable to **IRVING** for $10,000 ("Official Check No. xxx2680").

16. On or about November 19, 2024, at a TD Bank store in Washington, D.C., **IRVING** negotiated Official Check No. xxx2680 for cash.

17. On or about November 19, 2024, at a TD Bank store in Washington, D.C., **IRVING** withdrew $3,000 in cash from TD Bank Account No. xxx6035.

18. On or about the dates set forth below, in the District of Columbia and elsewhere, **IRVING**, for the purpose of executing and attempting to execute the above-described scheme to defraud the government and a government beneficiary, transmitted and caused to be transmitted by means of wire communications in interstate and foreign commerce the following writings, signs, signals, pictures, or sounds, each transmission constituting a separate count:

| Count | On or About Dates | Description |
|---|---|---|
| **1** | November 9, 2024 | An interstate wire signal originating in the District of Columbia generated by the deposit and posting of Treasury Check No. xxx3998 into TD Bank Account No. xxx6035 |
| **2** | November 19, 2024 | An interstate wire signal originating in the District of Columbia generated by the negotiation for cash of Official Check No. xxx2680 |
| **3** | November 19, 2024 | An interstate wire signal originating in the District of Columbia generated by the withdrawal of $3,000 in cash from TD Bank Account No. xxx6035 |

**(Wire Fraud, in violation of Title 18 U.S.C. § 1343)**

**COUNT FOUR**
**(Bank Fraud)**

19. Paragraphs 1 through 4 and 6 through 18 of this Indictment are re-alleged.

20. On or about between November 8, 2024 and November 20, 2024, in the District of Columbia and elsewhere, **SUNGIA IRVING** knowingly executed and attempted to execute a scheme and artifice to defraud, and to obtain monies, funds, assets, securities, and property owned by, and under the control and custody of TD Bank, a financial institution as defined by Title 18, United States Code, Section 20, to wit $44,143 held in TD Bank Account No. xxx6035, by means of materially false and fraudulent pretenses, representations, and promises.

**(Bank Fraud, in violation of Title 18 U.S.C. § 1344)**

**COUNT FIVE**
**(Aggravated Identity Theft)**

21. Paragraphs 1 through 4 and 6 through 18 of this Indictment are re-alleged.

22. On or about November 9, 2024, in the District of Columbia and elsewhere, **SUNGIA IRVING**, during and in relation to the felony violations of Title 18, United States Code, Section 1343, that is Wire Fraud, in Counts One through Three of the Indictment, and during and in relation to the felony violation of Title 18, United States Code, Section 1344, that is Bank Fraud, in Count Four of the Indictment, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, that is a name and signature, knowing that the means of identification belonged to another actual person, to wit **IRVING** deposited Treasury Check No. xxx3998 with a forged signature for BENEFICIARY NO. 1 into TD Bank Account No. xxx6035.

**(Aggravated Identity Theft, in violation of Title 18 U.S.C. § 1028A)**

**FORFEITURE ALLEGATION**

1. Upon conviction of any of the offenses alleged in Count One through Five of this Indictment, the defendant **SUNGIA IRVING** shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). The United States also will seek a forfeiture money judgment against the defendant in an amount equal to the value of any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

**(Criminal Forfeiture, pursuant to Title 18 U.S.C. § 981(a)(1)(C), Title 28 U.S.C. § 2461(c), and Title 21 U.S.C. § 853(p))**

A TRUE BILL

FOREPERSON
Date:

JEANINE FERRIS PIRRO
United States Attorney

Gauri Gopal

GAURI GOPAL
Assistant United States Attorney